IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANNA K. REUTOV,

        Plaintiff,

v.

AMERICAN HOME MORTGAGE
ACCEPTANCE INC., PHH MORTGAGE
SERVICES, U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE FOR
AMERICAN HOME MORTGAGE
INVESTMENT TRUST ASSET-BACKED
PASS CERTIFICATES, SERIES 2005-064863,
AMERICAN HOME MORTAGE INVESTMENT
TRUST 2005-AC, and DEUTSCHE BANK
NATIONAL TRUST COMPANY,

        Defendants.

Case No. 3:23-cv-01172-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

       Pro se plaintiff Anna Reutov brings this action against defendants American Home Mortgage Acceptance Inc., PHH Mortgage Services, American Home Mortgage Investment Trust 2005-AC, Deutsche Bank National Trust Company, and U.S. Bank National Association as Trustee for American Home Mortgage Investment Trust Asset-Backed Pass Through Certifications, Series 2005-064863. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). Defendants now moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for judicial notice of certain mortgage-related documents. For the reasons stated below, defendants' motions are granted.

Page 1 – OPINION AND ORDER

## BACKGROUND

At all relevant times, plaintiff owned a personal residence located at 731 Kalugin Court, Molalla, Oregon ("Property"). First Am. Compl. ("FAC") pg. 2 (doc. 3). In 2005, Fred Reutov took out a loan from American Home Mortgage Acceptance Inc. in the amount of $260,000, secured against the Property. *Id.* at pg. 3; Def.'s Req. Judicial Notice Ex. 1 (doc. 25).[1]

In July 2011, American Home Mortgage Acceptance Inc. transferred its interest in the Property to "U.S. Bank Association, as Indenture Trustee for American Home Mortgage Investment Trust 2005-4C" via an Assignment of Deed of Trust, recorded in the official records of Clackamas County. FAC pg. 22 (doc. 3); Def.'s Req. Judicial Notice Ex. 3 (doc. 25).

In August 2011, Mr. Reutov conveyed his entire interest in the Property to plaintiff via a Bargain and Sale Deed. FAC pg. 13 (doc. 3); Def.'s Req. Judicial Notice Ex. 4 (doc. 25).

A loan modification was completed in 2016. Defs.' Req. Judicial Notice Ex. 5 (doc. 25). In June 2017, plaintiff "was updated as the primary accountholder and Fred J. Reutov was updated as the co-accountholder" in regard to the underlying mortgage, making both "responsible for the debt." *Id.*

---

[1] Defendants seek to introduce either "matters of public record" or extrinsic documents that are undisputed and integral to plaintiff's claims, such that they are the proper subjects of judicial notice under Fed. R. Evid. 201(b). *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (documents "not attached to a complaint [may] be incorporated by reference . . . if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *Bank of N..Y. Mellon v. Nev. Assoc. Servs.*, 2023 WL 1868519, *1-2 (D. Nev. Feb. 9, 2023) (taking judicial notice of publicly filed foreclosure documents). Indeed, the FAC attaches and relies upon many of the same documents, such that plaintiff's rote objections do not alter the Court's conclusion. *See, e.g.*, Pl.'s Obj. to Req. Judicial Notice 3 (doc. 27); *cf. Worley v. Pite Duncan, LLP*, 2014 WL 793076, *5 (D. Or. Feb. 23, 2014), *aff'd*, 649 Fed.Appx. 574 (9th Cir. 2016) (**Error! Main Document Only.**while the court is required to accept the complaint's well-pleaded allegations as true, "the fact remains that [the plaintiffs] cannot insulate themselves against dismissal by omitting reference to relevant facts or documents") (citation omitted).

Page 2 – OPINION AND ORDER

Plaintiff subsequently learned that an unspecified "fraud" was committed such that, in February 2023, she stopped making monthly loan repayments. FAC pgs. 3, 22 (doc. 3). Plaintiff agreed to resume payments in March 2023 only upon production of the "ORIGINAL WET INK SIGNATURE PROMISSORY NOTE." *Id.* at pg. 3; Compl. pgs. 22-25 (doc. 1).[2] She repeatedly contacted defendants requesting "documentation to provide Verification of Debt and wet signature Promissory Note" but was "ignored." FAC pg. 3 (doc. 3).

Plaintiff separately maintains that she holds "allodial title" to the Property "conveyed by Land Patent on March 7th, 2023." *Id.* at pg. 2. According to plaintiff, this makes her "the creditor and not the debtor" and entitles her to a "total discharge of the debt." *Id.* at pg. 4.

In August 2023, plaintiff initiated this action. That same month, she amended her complaint to quiet title as a matter of course, seeking a declaration she "is the owner of the Property and entitled to possession," and that defendants "have no estate, right, title, or interest whatsoever in or to the Property," as well as $100,000,000 in damages.[3] *Id.*

On November 30, 2023, defendants filed the present motion to dismiss. Briefing was completed in regard to that motion on December 28, 2023.[4]

---

[2] The Court refers to plaintiff's original complaint in order to provide a timeline and context for her claims, as the FAC provides a dearth of details but the underlying facts do not appear disputed.

[3] In October 2023, plaintiff lodged her Second Amended Complaint, which was struck due to her failure to seek leave of Court or obtain the opposing parties' written consent. Order (Oct. 26, 2023) (doc. 19).

[4] On January 2, 2024, plaintiff filed a "Motion to Supplement," which the Court construes as a surreply since it addresses defendants' briefing and largely reiterates her prior arguments. There is no indication plaintiff conferred with defendants as required by Local Rules 7-1(a) and (e)(3), such that denial is warranted. Regardless, in light of plaintiff's pro se status, in conjunction with the fact the defendants have had the opportunity to respond, the Court did consider the facts and arguments raised therein but finds that they do not alter the outcome of this case. And, as the Court previously explained, defendants' counsel – Nicholas Reynolds – is an attorney of record, not an unrelated "third-party." Order (Nov. 7, 2023) (doc. 21). Likewise, Mr. Reynolds' legal defense, arguments, and citations do not constitute "illegal hearsay." *Id.*; Pl.'s Mot. Suppl. 2-3 (doc. 29).

Page 3 – OPINION AND ORDER

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes for the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, Haines v. Kerner, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

## DISCUSSION

Defendants contend dismissal with prejudice is warranted because the FAC "is largely incoherent, and rests on conclusory statements and bare allegations that do not state plausible or legally cognizable claims." Defs.' Mot. Dismiss 4 (doc. 23). According to defendants, this lawsuit is "nothing more than ill-fated and improper effort . . . to have this Court estop lawful non-judicial foreclosure proceedings in which the parties are involved." *Id.*

Plaintiff opposes defendants' motion on the grounds that her allodial title is "superior." Pl.'s Resp. to Mot. Dismiss 2 (doc. 26). Plaintiff further maintains:

> [I] became the Holder of the Negotiable Instrument number 2005-064863 after Loan Modification process was completed. I realize that is it my responsibility to understand my own contracts. It is very matter of fact there is a Promissory Note that I did a blank indorsement on and I did not have any intent to do so. I had no idea that I was doing a blank indorsement and no one explained this to me. Why would I give away an instrument like this with a blank indorsement? If I knew what was going on then I would have put on a restrictive, or conditional, or qualified, or full indorsement or attached an Allonge on this document and not release the Negotiable Instrument to the Defendants because of non-disclosure, fraud and breach of fiduciary duties. Since I have learned of the fraud, non-disclosure and breach of fiduciary duties, I have placed a Restrictive Indorsement on the Negotiable Instrument number 2005-064863.

*Id.* at 2-3. Additionally, plaintiff "changed [her] status to American State National" and goes on to assert she was "loaned . . . nothing," and her debt balance is "imaginary," because her "credit was sold . . . 245,653 times" without her consent. *Id.* at 3-4, 18-19. In support of her arguments, plaintiff cites extensively to the Federal Reserve Act, Fair Debt Collection Practices Act, and Uniform Commercial Code. *Id.* at 5-18.

**I.   Preliminary Issues**

Because plaintiff's claims appear to largely flow from her assertions surrounding a wrongful blank endorsement and allodial title, the Court briefly addresses these issues before reaching the FAC's other pleadings defects.

**A.   Blank Endorsements**

Under the Oregon Trust Deed Act, the statutory scheme governing nonjudicial foreclosures, the "beneficiary" possesses the right to foreclose. *Brandrup v. ReconTrust Co.*, N.A., 353 Or. 668, 687, 303 P.3d 301 (2013). The beneficiary is the "lender to whom the obligation that the trust deed secures is owed or the lender's successor in interest." *Id.* at 689. More specifically,

the beneficiary is the "person entitled to repayment of the note obligation." *Niday v. GMAC Mortg., LLC*, 353 Or. 648, 664, 302 P.3d 444 (2013).

Where a promissory note is endorsed in blank, the holder of the note is the person entitled to both repayment and enforcement. *Bank of N.Y. Mellon as Tr. for Certificate Holders of CWALT, Inc. Alt. Loan Tr. 2007-3T1, Mortg. Pass-Through Certificates 2007-3T1 v. Delaney*, 299 Or.App. 1, 7-9, 455 P.3d 42 (2019), *rev. denied*, 366 Or. 292, 461 P.3d 221 (2020). Accordingly, whoever possesses a note endorsed in blank holds the beneficial interest therein and may nonjudicially foreclose. *See, e.g.*, *Blanton v. Fed. Home Loan Mortg. Co.*, 2016 WL 1158591, *4 (D. Or. Feb. 29), *adopted by* 2016 WL 1192663 (D. Or. Mar. 21, 2016); *McLean v. Fed. Nat'l Mortg. Ass'n*, 2019 WL 99275, *4-5 (D. Or. Jan. 3, 2019); *see also Deutsche Bank Tr. Co. Ams. v. Walmsley*, 277 Or.App. 690, 696-97, 374 P.3d 937 (2016) (noteholder is not required to prove that it properly came into possession of the note).

Thus, the fact that plaintiff mistakenly endorsed a promissory note in blank does not necessarily render it unenforceable. In fact, District Judge Hernandez recently concluded, in regard to virtually identical claims, that dismissal was merited under Fed. R. Civ. P. 12(b)(6). *See generally Naumov v. Shellpoint Mortg. Serv.*, 2023 WL 7017836 (D. Or. Sept. 29, 2023), *adopted by* 2024 WL 81393 (D. Or. Jan. 5, 2024). Similarly, plaintiff's unilateral efforts to amend the parties' contract after it was executed does not preclude nonjudicial foreclosure. *Cf. Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1260 n.5 (9th Cir. 2005) ("[the defendant] has not cited any case, and our research has revealed none, where a party was permitted unilaterally to amend a contract midway through litigation concerning that contract").

B.     Allodial Title

"Allodial title creates absolute ownership in the title holder, free and clear of any lien, mortgage, rent, service, property tax obligation, or other encumbrance." *United States v. Miljus*, 2007 WL 4287608, *3 (D. Or. Dec. 3, 2007). That is, allodial title "is not subject to involuntary alienation." *Id.* "For this reason, allodial rights are sometimes claimed by tax or zoning protesters," or "by property owners who believe that they can use these devices to prevent foreclosure." *Id.*; *Flores v. Wells Fargo Bank, N.A.*, 2013 WL 1192767, *2 (E.D. Wis. Mar. 22, 2013) (citation omitted).

"It does not appear, however, that any American state or federal court has ever acknowledged allodial ownership of any property other than by the United States itself." *Miljus*, 2007 WL 4287608 at *3 (citation omitted). Stated differently, "the concept of allodial title to land . . . is an archaic concept not recognized in modern United States law." *Id.* at *1. As a result, courts that have "considered these types of claims in other cases . . . have uniformly rejected them, with most courts deeming the claims frivolous." *Flores*, 2013 WL 1192767 at *2 (collecting cases); *see also Palmer v. Katona*, 2021 WL 4439758, *3 (N.D. Ind. Sept. 28, 2021) ("[s]elf-drafted land patents are frivolous and hold no legal weight") (citing *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986)); *Lauer v. Or. Dep't of Revenue*, 2021 WL 5027608, *2-3 (Or. Tax. Ct. Oct. 29, 2021) (claim of allodial title was insufficient to exempt taxpayer from paying property taxes).

Therefore, a plaintiff's "purported allodial title and land patent . . . do not constitute competent proof of [her] ownership of the disputed property" for the purposes of challenging a motion brought under Rule 12. *Palmer*, 2021 WL 4439758 at *4; *see also Miljus*, 2007 WL 4287608 at *5 ("[b]ecause there is no suggestion in the decisions of the Oregon courts – or of the courts of any other American jurisdiction – that allodial rights such as those [the defendant]

espouses would be acknowledged or respected, this court finds that Oregon law would not recognize [his] claim of allodium").

## II. Pleading Defects

Plaintiff's pleadings also contain several pleading defects. As an initial matter, plaintiff's allegations are vague and conclusory, such that it is unclear how and when each defendant caused her harm. *See McHenry v. Renne*, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (each averment of a pleading must be simple, concise, and direct, stating which defendant is liable for which wrong); *see also Plong v. Coutts*, 2023 WL 4275505, *3-7 (C.D. Cal. May 31), *adopted by* 2023 WL 4269755 (C.D. Cal. June 28, 2023) (granting the defendants' Rule 12(b)(6) motion where, amongst other reasons, the plaintiffs' claims premised on the lack of a "wet ink signature" failed "to allege how each of the nine defendants were involved in the foreclosure proceedings and on what ground each defendant should be held liable").

Moreover, plaintiff's references via her response brief to potential causes of action under 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242 are procedurally improper. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when reviewing a Rule 12(b)(6) motion, "a court *may not* look beyond the complaint to a plaintiff's moving papers) (emphasis in original; citation omitted). Furthermore, plaintiff has not cited to, and the Court is not aware of, any case law to support the existence of a private right of action under either of the criminal statutes cited – i.e., 18 U.S.C. § 241 and 18 U.S.C. § 242. *Cf. Schwettmann v. Starns*, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) ("[a] citizen does not have authority to bring criminal charges, either under state or federal law"); *see also Hart v. Granado*, 2023 WL 7301872, *2-3 (D. Ariz. Nov. 6, 2023) (dismissing the pro se plaintiff's claims pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 242 with prejudice, explaining "[t]hese criminal provisions provide no basis for civil liability")

Page 8 – OPINION AND ORDER

(quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). And 42 U.S.C. § 1983 generally does not apply to banking and other private institutions involved in nonjudicial foreclosures. *See Apao v. Bank of N.Y.*, 324 F.3d 1091, 1092-95 (9th Cir. 2003) (nonjudicial foreclosure of mortgagor's residence did not qualify as state action for the purposes of 42 U.S.C. § 1983).

Concerning allegations sounding in fraud, the complaint fails to meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("[t]o satisfy Rule 9(b)" – which applies to challenges raised under Fed. R. Civ. P. 12 – "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false") (citations and internal quotations omitted).

Regarding adverse possession, Oregon law requires, amongst other elements, that the plaintiff establish "hostile . . . possession of the property for a ten-year period." *Nietzche v. Freedom Home Mortg. Corp.*, 2019 WL 5057174, *23 (D. Or. Oct. 8, 2019), *aff'd*, 2023 WL 2570417 (9th Cir. Mar. 20, 2023) (citations and internal quotations omitted). However, a debtor does "not have *hostile* possession of the property during the time they were the lawful owners" pursuant to a mortgage. *Id.* (emphasis in original). In other words, the requisite ten-year period does not begin to commence until after a foreclosure takes place. *Id.*; *see also Asnake v. Deutsche Bank Nat'l Tr. Co.*, 313 F.Supp.3d 84, 88 (D. D.C. 2018) ("a mortgagor and mortgagee cannot be hostile to one another until one party repudiates the relationship, such as if the mortgagor defaults and the mortgagee forecloses on the property"). Because plaintiff does not allege that a foreclosure, nonjudicial or otherwise, has been completed, she fails to state a plausible adverse possession claim.

Page 9 – OPINION AND ORDER

To the extent she seeks to quiet title or pursue contractual claims, plaintiff attacks defendants' actions but does not otherwise dispute that she has defaulted on her mortgage, which is a requisite element. See *Lamb-Weston, Inc. v. Or. Auto Ins. Co.*, 219 Or. 110, 116, 341 P.2d 110 (1959) (the party seeking to recover under the terms of an express contract must prove their own substantial performance, or a valid excuse for the failure to perform, in order to recover); *Staton v. BAC Home Loans Serv., L.P.*, 2012 WL 1624296, *8-9 (D. Or. May 5, 2012), *aff'd in relevant part*, 671 Fed.Appx. 459 (9th Cir. 2016) (dismissing the plaintiff's quiet title claim where there were no facts indicating she could cure her default); *see also Collier v. Wilmington Savings Fund Soc'y, FSB as Tr. of Stanwich Mortg. Loan Trust A*, 2022 WL 1223253, *2 (D. Or. Apr. 26, 2022) ("[p]laintiffs remain responsible for fulfilling their ongoing debt obligation, and equity would not be served by the court granting a quiet title claim that would nullify a security interest without also ensuring that the underlying debt had been satisfied") (citation and internal quotations omitted).

Finally, courts in this District have uniformly rejected the "show me the note" theory, a version of which plaintiff appears to be making via these proceedings:

> In 2009, a foreclosure defense colloquially termed "show me the note" began circulating through courts across the country. Advocates of this theory believe that only the holder of an original wet-ink signature note has the lawful power to initiate a nonjudicial foreclosure. Courts have routinely rejected the defense on the ground that foreclosure statutes simply do not require production of the original note at any point during the proceedings. In Oregon, the Oregon Trust Deed Act, O.R.S. § 86.705 *et seq.*, does not require presentment of the Note or any other proof of "real party in interest" or "standing," other than the Deed of Trust . . . Any claim by plaintiffs that defendant must produce the original wet ink signature note should be dismissed.

*Hubbard v. Bank of Am.*, 2011 WL 2470021, *3 (D. Or. Apr. 21), *adopted by* 2011 WL 2462961 (D. Or. June 20, 2011) (citations and internal quotations omitted); *see also Nietzche*, 2019 WL 5057174 at *22 ("'show me the note' argument[s] [are] unsupported by Oregon law"); *Naumov*, 2023 WL 7017836 at *1-4 (dismissing indistinguishable claims).

Page 10 – OPINION AND ORDER

As such, plaintiff's derivative declaratory relief claim also fails. *Cf. Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (the Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction"); *see also Collier*, 2022 WL 1223253 at *3 ("a district court *may* exercise its discretion to entertain an independent declaratory relief claim that meets the case or controversy requirement and satisfies jurisdictional prerequisites, but it is not required to do so") (emphasis in original).

Despite the complaint's deficiencies, the Court declines to dismiss plaintiff's claims with prejudice. Plaintiff is proceeding pro se and has not yet had the opportunity to seek amendment, such that the Court cannot conclude, at least at this stage in the proceedings, that the claims' deficiencies are incurable as a matter of law. *See Rigor v. Freemont Inv. & Loan*, 2012 WL 913631, *2 (D. Or. Feb. 13), *adopted by* 2012 WL 913566 (D. Or. Mar. 16, 2012) (declining to dismiss the pro se plaintiff's complaint with prejudice under analogous circumstances). The Court reiterates, however, that any claims premised on 18 U.S.C. § 241, 18 U.S.C. § 242, a "wet ink signature" or "show me the note" theory, and/or plaintiff's purported allodial title are frivolous.

## CONCLUSION

For the reasons stated herein, defendants' Motion to Dismiss (doc. 23) and Request for Judicial Notice (doc. 25) are granted. Plaintiff's Motion to Supplement (doc. 29) is denied. Any motion to amend the complaint must conform with this Opinion and Order, and be filed within 30 days.

IT IS SO ORDERED.

DATED this 22nd day of January, 2024.

                                                /s/ Jolie A. Russo
                                                   Jolie A. Russo
                                       United States Magistrate Judge